United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLOTEAL SWOOPES, as next best friend of ROBERT SWOOPES,

    Plaintiff,

    v.

DOCTORS MEDICAL CENTER,

    Defendant.
_____/

No. C 07-0101 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

Pro se plaintiff Cloteal Swoopes filed this action on January 8, 2007, purportedly as guardian ad litem of Robert Swoopes. She also filed an application for leave to proceed in forma pauperis (IFP). The court finds that the complaint must be dismissed for failure to adequately allege subject matter jurisdiction. In addition, because the court finds that the complaint fails to state a claim and must be dismissed under 28 U.S.C. § 1915(e)(2), the request for leave to proceed IFP is DENIED.

**BACKGROUND**

Cloteal Swoopes, as "next best friend" of Robert Swoopes, seeks an order transferring Robert Swoopes from defendant Doctors Medical Center, "to avoid experimental drugs and medical research and to obtain quality medical care." Cloteal Swoopes alleges that Doctors Medical Center has treated Robert Swoopes for "non-existent conditions," and will not allow a physician chosen by Cloteal Swoopes or Robert Swoopes to give a "second opinion."

**DISCUSSION**

A.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states and the amount in controversy is at least $75,000), or a federal question, or those cases to which the United States is a party. See, e.g., Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

Every federal court is under a continuing obligation to assess its own subject matter jurisdiction. See Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004).

As explained below, it is difficult to determine what claims Cloteal Swoopes is asserting on behalf of Robert Swoopes. If she is alleging state-law or common-law violations, she must establish subject matter jurisdiction by alleging that there is complete diversity, meaning that the parties are citizens of different states, and that the amount at issue exceeds $75,000. If she is invoking federal question jurisdiction, she must plead that Doctors Medical Center has violated a specific federal constitutional or statutory provision. Plaintiff has done neither of these things in the complaint. Thus, the court finds that the complaint must be dismissed for lack of subject matter jurisdiction.

B.   Dismissal Under 28 U.S.C. § 1915.

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint

2

1  is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or
2  malicious, fails to state a claim, or seeks monetary damages from defendants who are
3  immune from suit.  See 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d
4  1221, 1226-27 (9th Cir. 1984).  A complaint is frivolous for purposes of § 1915(e) if it lacks
5  any arguable basis in fact or in law.  Neitzke v. Williams, 490 U.S. 319, 328-30 (1989).  A
6  complaint lacks an arguable basis in law only if controlling authority requires a finding that
7  the facts alleged fail to establish an arguable legal claim.  Guti v. INS, 908 F.2d 495, 496
8  (9th Cir. 1990).

9       When a complaint is dismissed under § 1915(e), the plaintiff should be given leave
10 to amend the complaint with directions as to curing its deficiencies, unless it is clear from
11 the face of the complaint that the deficiencies could not be cured by amendment.  See Cato
12 v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

13       Under Federal Rule of Civil Procedure 8, a complaint "shall contain . . . a short and
14 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
15 8(a).  A pleading may not simply allege a wrong has been committed and demand relief.
16 The underlying requirement is that a pleading give "fair notice" of the claim being asserted
17 and the "grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47-48 (1957);
18 Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).  Put
19 another way, a plaintiff is required to include in a complaint "sufficient allegations to put
20 defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795,
21 798 (9th Cir. 1991).  Despite the flexible pleading policy of the Federal Rules, a complaint
22 must state the elements of the claim plainly and succinctly, and must allege with at least
23 some degree of particularity overt facts which defendant engaged in to support plaintiff's
24 claim.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

25       The court finds that the complaint must be dismissed because it fails to put Doctors
26 Medical Center on notice of the claim or claims asserted against it.  Cloteal Swoopes does
27 not allege a single clearly cognizable injury, or when or where such injury may have
28 occurred.  The allegations in the complaint might arguably be interpreted as asserting, for

example, a claim of professional negligence, a claim of medical malpractice, a claim of false imprisonment, or a claim of assault and battery.  Whatever claims Cloteal Swoopes intends to allege against Doctors Medical Center on behalf of Robert Swoopes, she must identify each cause of action, and must state facts that support the elements of each cause of action.

C.     Cloteal Swoopes as Guardian ad Litem

Finally, the court notes that Cloteal Swoopes has not obtained leave of court to proceed as guardian ad litem for Robert Swoopes.  Under Federal Rule of Civil Procedure 17, a federal court must determine if the plaintiff is a minor or is incompetent to represent himself or herself, and must then determine whether the minor or incompetent person has a duly appointed representative who has the capacity to sue on his behalf under applicable state law.  Fed. R. Civ. P. 17(b).

California Code of Civil Procedure § 372 provides three options for minors and incompetent persons – they may appear by a guardian, by a conservator of estate, or by a guardian ad litem.  Guardianship is a legal process, as is conservatorship, and nothing in the record indicates that Robert Swoopes is either a minor or incompetent, or that Cloteal Swoopes, whose relationship to Robert Swoopes is not specified in the complaint, has a formal court appointment as legal guardian or conservator.

Rule 17(c) provides further,

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Fed. R. Civ. P. 17(c).  Until Robert Swoopes has established that he meets the requirements under Rule 17, and has not applied to the court for appointment of a guardian ad litem, Cloreal Swoopes may not proceed in this action on his behalf.

**CONCLUSION**

4

1  In accordance with the foregoing, the court finds that the complaint must be
2  DISMISSED for lack of subject matter jurisdiction, and for failure to state a claim.  The
3  request to proceed IFP is DENIED.
4  The dismissal is with leave to amend.  Plaintiff must amend the complaint to
5  adequately allege that this court has subject matter jurisdiction over this action; and to
6  identify the cause(s) of action being asserted and to plead facts supporting the elements of
7  said cause(s) of action.  Finally, Cloteal Swoopes may not proceed as guardian ad litem for
8  Robert Swoopes without first obtaining leave of court, as outlined above.
9  Any amended complaint shall be filed no later than March 9, 2007.  If plaintiff fails to
10 file an amended complaint by that date, the court will dismiss the action.

**IT IS SO ORDERED.**

Dated:  February 2, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge