UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLOTEAL SWOOPES,

    Plaintiff,

    v.

DOCTORS MEDICAL CENTER,

    Defendants, et al.

No. C 07-0101 PJH

**ORDER OF DISMISSAL**

On January 8, 2007, Robert Swoopes, through his "best friend" Cloteal Swoopes, filed this action against defendant Doctors Medical Center. Cloteal Swoopes also filed a request to proceed in forma pauperis. Although the allegations were far from clear, the gravamen of the complaint appeared to be a claim of malpractice, based on Cloteal Swoopes' disagreement with certain medical treatment being provided to Robert Swoopes, her adult son, alleged to be the "injured party."[1]

On February 2, 2007, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim, and also for failure to allege a basis for subject matter jurisdiction. The court also denied the IFP request. The dismissal was with leave to amend. The order provided specific instructions with regard to how to amend the complaint. The amended complaint was filed on April 24, 2007.

The amended complaint identifies five causes of action – conspiracy under 18

---

[1] Because Robert Swoopes did not apply for appointment of a guardian ad litem, and did not establish that he met the requirements for such appointment under state and federal law, see Federal Rule of Civil Procedure 17(b), Cal. Civ. P. Code § 372, the court treated the action as one brought by Cloteal Swoopes.

U.S.C. § 241, medical malpractice, due process violations, fraud, and "breach of duty to allow mother of Robert Swoopes to visit him." The amended complaint also names three new individual defendants – Irwin Hansen, Joel Dorham, and Ronald Dellums – with no explanation as to their identity or their involvement in the causes of action alleged.

The amended complaint asserts that Cloteal Swoopes brings the action as the "next friend" of Robert Swoopes. However, Robert Swoopes has still not established that he meets the requirements for appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), as set forth in the court's February 2, 2007, order, and Cloteal Swoopes therefore may not proceed in this action on his behalf.

In addition, the allegations in the amended complaint do not establish that the court has subject matter jurisdiction. The amended complaint alleges that federal subject matter jurisdiction is based on the asserted violations of 18 U.S.C. § 241 and Robert Swoopes' due process rights under the Fourteenth Amendment to the United States Constitution. However, 18 U.S.C. § 241 is a criminal statute that does not create a private right of action. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). Thus, the claim under 18 U.S.C. § 241 must be dismissed.

Nor does the complaint adequately alleged claims for violations of constitutional rights. Claims of federal constitutional violations are brought under 42 U.S.C. § 1983, which "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49. A private individual generally does not act under color of

state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974).  An action taken by a private individual or organization may be under color of state law only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).

Here, the amended complaint identifies no defendant as a public official or a public agency, and, more importantly, alleges no action taken under color of state law.  The claims are based entirely on allegations of improper medical treatment by the doctors in a private hospital.  Because the amended complaint fails to meet the standard for pleading a claim under 42 U.S.C. § 1983, the constitutional claim must be dismissed.

Given the absence of subject matter jurisdiction, and the lack of any showing that Robert Swoopes requires the appointment of a guardian ad litem, the court finds that the complaint must be dismissed.  The dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: May 2, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge