UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLOTEAL SWOOPES,

    Plaintiff,

    v.

DOCTORS MEDICAL CENTER, et al.,

    Defendants.
_____/

No. C 07-0101 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Plaintiff filed this action on January 18, 2007, and also requested leave to proceed in forma pauperis ("IFP"). On February 2, 2007, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), for failure to state a claim. The dismissal was with leave to amend. Plaintiff filed an amended complaint on April 24, 2007. On May 2, 2007, the court dismissed the case. On May 17, 2007, plaintiff filed a motion to "set aside the order of dismissal."

    The court interprets plaintiff's motion as a request for amendment of the judgment, pursuant to Federal Rule of Civil Procedure 60(b). Under Rule 60(b), amendment of the judgment is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed.R.Civ.P. 60(b).

    A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th

Cir. 1995). A motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Maraziti, 52 F.3d at 255; Beentjes v. Placer County Air Pollution Control District, 254 F.Supp. 2d 1159, 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F.Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Here, plaintiff has not addressed any of the Rule 60(b) factors in her motion. Instead, she simply reiterates the allegations in the amended complaint – that her son is being held in Doctors Medical Center "without due process of law;" that he is being treated by Doctors Medical Center for a "non-existent condition;" that the doctors at Doctors Medical Center have made "false diagnoses" and have forced "many different prescriptions" on him; and that the doctors at Doctors Medical Center have barred her from visiting her son.

Plaintiff has not shown exceptional or extraordinary circumstances, and has not established that the judgment should be amended. Accordingly, the court finds that plaintiff's motion for reconsideration and motion to vacate the judgment must be DENIED.

**IT IS SO ORDERED.**

Dated: May 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge